IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01363-GPG

CLARENCE KING,

    Applicant,

v.

MICHAEL MILLER, Warden Crowley County Correctional Facility, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Clarence King, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed *pro se* by Mr. King on June 24, 2015. In the Application, Mr. King challenges the validity of the prison sentence imposed in County of Denver, Colorado, District Court Case No. 03CR2350.

The Court must construe the Application and other papers filed by Mr. King liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. King has previously filed two habeas corpus actions pursuant to 28 U.S.C. § 2254 challenging the validity of his state court sentence in County of Denver District Court Case No. 03CR2350. *See Clarence King v. Michael Miller*, No. 14-cv-2662-BNB (D. Colo. Nov. 7, 2014) and *Clarence King v. Michael Miller, et al.*, No. 14-cv-3198-GPG

(D. Colo. Feb. 11, 2015), *affirmed* No. 08-1388 (10th Cir. April 30, 2015) (unpublished). Mr. King identifies the prior federal applications in his current § 2254 Application. (ECF No. 1 at 10-11).

Mr. King's § 2254 application in case No. 14-cv-3198-GPG was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court finds that the instant application is a second or successive application. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir.2011) (per curiam) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [§ 2244(b) ] requirements.").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. King must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. King does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. King fails to demonstrate that his claims in this action are based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Mr. King's claim challenging the validity of his state court sentence was time-barred long before he initiated this action. There also is no indication that the two claims Mr. King seeks to raise have any merit. Mr. King first claims that there was plain error when his defense counsel failed to object to an erroneous and improper jury instruction that contained the statutory definition of the crime of sexual assault by force/violence, C.R.S. 18-3-402(4)(a), even though this crime was not charged in the Information. (ECF No. 1

at 8). According to Applicant, this plain error resulted in a complete miscarriage of justice because he was convicted of a crime he was not charged with. (*Id.*) However, the Information charged Mr. King with "Attempt[ed] Sexual Assault," and cited the Sexual Assault statute, C.R.S. § 18-3-402(4)(a) and the Attempt statute, C.R.S. § 18-2-101. (ECF No. 1-1 at 1). Therefore, the trial court correctly instructed the jury that they needed to know the definition of sexual assault because the prosecution was required to prove "that the defendant engaged in conduct constituting a substantial step towards the commission of Sexual Assault." (ECF No. 1-1 at 25). Mr. King was convicted of attempted sexual assault, a class 4 felony, as charged in the Information. (ECF No. 1-1 at 1); *People v. King*, 151 P.3d 594, 600 (Colo. Ct. App. 2006) (noting that the jury findings resulted in King's conviction of a class four felony of attempted sexual assault). Hence, there is no indication that this claim has any merit.

Mr. King's second claim is that there was prosecutorial misconduct when counts 2 and 3 were merged, "seven years after sentencing in an ex parte hearing, which violates double-jeopardy, equal protection and fairness doctrine, and due process protections of the federal constitution, among other things." (ECF No. 1 at 9). Merger of two convictions is necessary if the convictions are not based on separate offenses. *Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005). The merger of two counts benefits the defendant, and therefore, there is no indication that this claim by Mr. King has any merit.

Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the application. As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and the action is DISMISSED for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action (ECF No. 2) is DENIED as moot.

DATED July 8, 2015, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court